**AUCTIONEERS: LICENSES: COUNTIES:** Time-limited online auction sales are not subject to auctioneer-licensing requirements. Minn. Stat. §§ 330.01-330.13 (2012).

16-b

October 17, 2014

Thomas M. Canan
Sr. Assistant Olmsted County Attorney
151 4th Street SE
Rochester, MN 55904-3710

      Re:     Application of Auctioneer Licensing Laws to Online Auctions

Dear Mr. Canan:

I thank you for your correspondence received on September 4, 2014 and speaking with me on October 7, 2014. You ask whether Minnesota law requires the issuance of an auctioneer's license by a county for the sale of property physically located within that county through an online auction website such as eBay.

## BACKGROUND

You state that the Vital Records Division of the Olmsted County Property Records and Licensing Department recently had an inquiry from an out-of-state auction company asking whether it must obtain an auctioneer's license before conducting an online auction of property located in the county. You ask whether sales on eBay or similar internet auction sites that conduct online time-limited auctions constitute "the business of an auctioneer," such that Minnesota's auctioneer-licensing requirement applies.

In an online time-limited auction, the sale is made to the bidder who submits the highest bid before the expiration of the specified time limit. The time limit for such auctions on eBay can range from one to ten days. In addition, eBay offers a "Buy it Now" feature that allows a purchaser to pay a fixed price in lieu of bidding on an item.

## LAW AND ANALYSIS

Minnesota's auctioneer-licensing laws are presently codified in Minnesota Statutes Chapter 330, but they have their origin in the territorial laws that existed prior to statehood. From its earliest days through the present, Minnesota law has consistently provided that only natural persons may be licensed auctioneers. *See* Minn. Stat. § 330.01, subd. 1(b) (2012) ("No copartnership, association or corporation may be licensed as an auctioneer."); *see also* Op. Atty. Gen. 16-B Apr. 10, 1940 (enclosed). Accordingly, corporate entities, like the out-of-state company referenced in your letter, are not subject to Minnesota's auctioneer-licensing requirements.

Chapter 330 does not define what specifically constitutes "the business of an auctioneer" that is subject to licensure. Prior opinions from this Office demonstrate an understanding that Minnesota's auctioneer-licensing requirements apply to the traditional activities of an auctioneer, *e.g.*, publicly crying out prices and soliciting competitive bids until the highest bidder is found. *See* Op. Atty. Gen. 16-C, Mar. 26, 1920 (referring to "a license to cry sales as an auctioneer") (enclosed); Op. Atty. Gen 16-C, June 22, 1951 (discussing auctioneer's authority to "cry sales") (enclosed). These opinions involve interpretation of statutory language that includes the "business of an auctioneer" language that remains in Minn. Stat. § 330.01, subd. 1(a) (2012) today. Time-limited online auctions are conducted in a very different manner than conventional auctions; they do not involve crying sales and the bidding process concludes upon expiration of a predetermined time limit.

Other state Attorneys General who have examined similar auctioneering-licensing requirements have concluded that time-limited sales conducted through online auction sites such as eBay do not require an auctioneer license. For example, the North Dakota Attorney General issued an opinion concluding that eBay did not fit within that state's definition of "auctioneer" as "a person, who for a compensation or valuable consideration, sells or offers for sale either real or personal property at public auction as a whole or partial vocation." *See* N.D. Op. Atty. Gen. 2005-L-40, Nov. 4, 2005 (enclosed); N.D. Code § 51-05.1-04(1). The North Dakota Attorney General concluded that eBay does not sell or offer to sell property, but rather constitutes a marketplace for individual eBay members to provide items for sale. In addition, the North Dakota Attorney General noted that the eBay sales process does not fall within the traditional definition of auction as a sale closing by highest bid.

In 2006, the Tennessee Attorney General similarly concluded that transactions on eBay did not constitute "auctions" under that state's auctioneer-licensing requirements. Tenn. Op. Atty. Gen. 06-053, Mar. 27, 2006 (enclosed). The Alabama Attorney General reached the same conclusion under that state's auctioneer-licensing law, which limits the term "auctioneer" to an individual "who engages in bid calling or who sells at public outcry." Ala. Op. Atty. Gen. 2008-109, July 16, 2008 (enclosed).[1]

## CONCLUSION

Based on the foregoing, including the reasoning of the various Attorney General Offices referenced above, time-limited online auction sales are not subject to the auctioneer-licensing requirements set forth in Minnesota Statutes Chapter 330.

---

[1] I note that many states expressly exclude online auction sales from their auctioneer-licensing requirements. *See* Ark. Code Ann. § 17-17-104(a)(5); 225 Ill. Comp. Stat. 407/10-1(d); La. Rev. Stat. Ann. § 37:3103(4); N.D. Cent. Code. § 51-05.1-04(5); Ohio Rev. Code Ann. § 4707.02(B)(8); 63 Pa. Cons. Stat. § 734.2; Tenn. Code Ann. § 62-19-103(9).

I thank you again for your correspondence.

Very truly yours,

FIONA B. RUTHVEN
Assistant Attorney General

(651) 757-1248 (Voice)
(651) 297-1235 (Fax)

Enclosures:    Op. Atty Gen. 16-B, Apr. 10, 1940
Op. Atty Gen. 16-C, Mar. 26, 1920
Op. Atty Gen. 16-C, June 22, 1951
N.D. Op. Atty. Gen. 2005-L-40, Nov. 4, 2005
Tenn. Op. Atty. Gen. 06-053, Mar. 27, 2006
Ala. Op. Atty. Gen. 2008-109, July 16, 2008